**Billy Delbert DICKEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 023–84.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 31, 1984.

Lynn Nabers, Brownwood, for appellant.

Stephen Ellis, Dist. Atty. and Fred Franklin, Asst. Dist. Atty., Brownwood, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of the offense of possession of marihuana of less than five pounds but more than four ounces. The jury assessed punishment at ten years, probated, and a $5,000.00 fine. Finding the evidence sufficient, the Eastland Court of Appeals affirmed appellant's conviction in an unpublished opinion. We have granted appellant's petition for discretionary review to consider appellant's contention that the evidence is insufficient to support his conviction for possession of a field of growing marihuana. We reverse and order a judgment of acquittal entered in this cause.

■ Sufficiency of the evidence is measured by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319, n. 12, 99 S.Ct. 2781, 2789, n. 12, 61 L.Ed.2d 560 (1979): "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The preceding standard is employed in both direct and circumstantial evidence cases. See *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983); *Freeman v. State*, 654 S.W.2d 450 (Tex.Cr. App.1983); *Denby v. State*, 654 S.W.2d 457 (Tex.Cr.App.1983); and *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984).

The evidence viewed most favorably to the verdict shows that on July 5, 1982, Officer John Harper of the City of Bangs received information that marihuana was growing on a small, uninhabited farm southwest of the city. Working in conjunction with the Brown County Sheriff's Department, Harper began surveillance of the farm, known as the Howard Place, on July 28 from surrounding property areas. No one was observed at the location.

On July 31, Harper contacted Mrs. Emmett Howard of San Angelo, the record owner of the property,[1] and obtained consent to search the farm. On August 2, Harper searched the premises. He discovered three patches of marihuana in various stages of cultivation. The marihuana was growing in a low-lying area which was adjacent to a tank and completely surrounded by brush and mesquite. Gardening implements were found under a centrally located pecan tree.

Equipped with a spotting scope, a 135 millimeter camera with a 300 millimeter lens, and eight power binoculars, the officer set up surveillance the following morning. At 7:10 a.m., Harper observed a white

---

**1.** Mrs. Emmett Howard appears to be the record owner of the property. She inherited the property from her deceased husband. However, her husband's brother, George Howard, had been living on the property and on April 6, 1982, George Howard leased the property to Kay Bishop. The lease was admitted into evidence as a defense exhibit.

male walking from the farm house toward the pecan tree. In order to secure a better view, Harper moved to a closer location, approximately 150 yards away from where the marihuana was growing. Although Harper could not see the subject at all times, the officer observed him moving from plant area to plant area. The officer testified that he never saw the man touch a marihuana plant. In Harper's last full length view of the subject, the officer stated on direct that he observed a clear plastic bag half full of dark green leaves in the individual's hand. On cross-examination, defense counsel inquired whether there were dried leaves in the bag and the officer responded, "All I could say that I saw was green, a green substance."

At 7:50 a.m., Harper worked his way to the front of the Howard house so that he could run a check on the individual's vehicle. However, by the time Harper changed locations, the man had left the premises. The officer testified that he actually saw the man four or five times between 7:10 and 7:50 and collective observation time was two to three minutes. After speaking with two of the neighbors, Harper was able to determine that an unfamiliar maroon and white Blazer had been seen on the road to the Howard farm that morning.

On August 6, the marihuana plants were uprooted. Although the record is unclear, it appears that another individual, Benito Diaz,[2] was seen at the location, arrested, and charged with possession of the growing marihuana.

The following day, Harper noticed a maroon and white Blazer parked at a convenience store in Brownwood. A license check revealed that the owner was the appellant, Bill D. Dickey, of Brownwood. Harper was unable to see the faces of the Blazer's two occupants, but he followed the vehicle to a location which later proved to be the appellant's residence.

Whenever Harper had occasion to be in Brownwood, he would drive by the residence hoping to see someone he might recognize. On August 17, the officer spotted appellant and recognized him as the individual observed at the Howard farm on August 3. Accompanied by a Brown County sheriff's deputy, Harper returned to the residence later that afternoon and spoke with appellant. Three days later, appellant was arrested for possession of the marihuana which had been seized from the Howard property.

The State's chemist testified that he received a container of uprooted marihuana plants from Harper. After removing the stalks, the remaining dried substance weighed one pound, 10.55 ounces. Microscopic examination and chemical analysis confirmed that the material was marihuana.

Since the evidence of guilt is circumstantial and other evidence adduced at trial raises an outstanding reasonable hypothesis, our analysis of the record in this case does not terminate after viewing the evidence in the light most favorable to the prosecution. If there is a reasonable hypothesis other than guilt of the accused raised by the evidence then the essential elements of the crime cannot be found by any rational trier of fact beyond a reasonable doubt. See, Carlsen v. State, supra, (McCormick, J., concurring).

In the instant case, appellant admitted that he was the individual observed by Officer Harper on August 3. Appellant stated that he had been hired by Kay Bishop, the purported lessee of the farm, to remove a pulley from a car parked in the garage. Bishop had also spoken to appellant about repairing the plumbing to the house and using the water in a trough and holding lot behind the garage as a water source. After removing the pulley, appellant testified that he tried to locate the origin of the water which fed the trough.

2. The references to Benito Diaz appear on the record during cross-examination of Kay Bishop and the appellant. By the use of leading questions, the State implied that Bishop, her boyfriend, Dwayne Prince, Benito Diaz, and appellant were engaged in a joint plan to cultivate marihuana on the Howard farm.

Appellant stated that he knew there were several water wells on the property and he walked toward the tank to find them. While in the area surrounding the pecan tree, appellant noticed the cultivated plants but he stated he did not know they were marihuana. Appellant had a pulley puller and a bag of wrenches in his right hip pocket. He testified that he believed he removed the tools from his pocket while in the area of the pecan tree. Unsuccessful in his attempt to locate the water source, appellant then left the property. Bishop corroborated appellant's testimony regarding the purpose of appellant's visit to the property on August 3 as well as her request for plumbing repair.

■ A person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana. Article 4476–15, Section 4.05, V.A.C.S. (1979). The chemist's testimony was sufficient to establish that the substance was marihuana of a usable quantity which weighed less than five pounds but more than four ounces. However, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could not have found knowing or intentional possession by appellant beyond a reasonable doubt.

■ Knowing or intentional possession is established if the State proves beyond a reasonable doubt that the accused exercised care, custody, control, or management over the contraband and that the accused knew the matter possessed was contraband. See *Rodriguez v. State*, 635 S.W.2d 552 (Tex.Cr.App.1982); *Sinor v. State*, 612 S.W.2d 591 (Tex.Cr.App.1981); *Dubry v. State*, 582 S.W.2d 841 (Tex.Cr. App.1979), and cases cited therein. The State's burden is met by introduction of additional facts and circumstances which indicate the accused's knowledge and control of contraband. These facts and circumstances must affirmatively link the accused to the contraband and create a reasonable inference that the accused knew of the contraband's existence and that he exercised control over it. *Rodriguez v. State*,

supra; *Sinor v. State*, supra; and *Dubry v. State*, supra.

Invariably, possession cases in which the evidence was sufficient to support a conviction affirmatively connect the accused to the contraband by evidence which amounts to more than mere conjecture. In *Hart v. State*, 634 S.W.2d 714 (Tex.Cr.App.1982), marihuana was seized during the execution of a search warrant for a trailer home. The evidence showed that the defendant was present during execution of the warrant and that he had nine marihuana cigarettes in his sock and a box of baggies in his bedroom. Utility bills for the trailer in the defendant's name were introduced. The evidence was sufficient to support the defendant's conviction for possession of large amounts of marihuana found in several locations throughout the trailer. Likewise, in *Herrera v. State*, 561 S.W.2d 175 (Tex.Cr.App.1978), the defendants' convictions were upheld. The evidence showed that the defendants were both residents of the apartment where the marihuana was found. Letters, utility receipts, and the apartment lease all addressed to the defendants at the apartment in question were introduced. Marihuana was discovered in at least twelve separate locations within the apartment; some of the marihuana was in plain view. In *Christopher v. State*, 639 S.W.2d 932 (Tex.Cr.App.1982), defendant's possession of the key to the camper of the truck where marihuana was found plus the detectable odor of marihuana as far as eight feet away from the camper was held sufficient to support defendant's conviction for possession of marihuana. In each case, additional facts and circumstances were introduced to affirmatively link the accused to the contraband.

Unlike the previously cited cases, the evidence in this case does not affirmatively link appellant to the growing field of marihuana. The only circumstance which links appellant to the contraband he is accused of possessing is Harper's testimony. This testimony gives rise to an inference that appellant was harvesting the field. No additional facts or circumstances were introduced to support this inference and, indeed,

the preceding is not the only inference which could be drawn from such testimony. The weakness of this tenuous connection when weighed with the outstanding reasonable hypothesis presented by the evidence "amounts only to a mere probability or strong suspicion and is insufficient to prove beyond a reasonable doubt that appellant possessed the contraband in question." *Rodriguez v. State*, supra, at 554.

 In cases where the evidence is insufficient to support a conviction, double jeopardy safeguards preclude further prosecution of the cause. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

Therefore, the judgments of the Court of Appeals and trial court are reversed and the cause is remanded to the trial court to enter an order of acquittal.