**James FAGAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 05–85–00969–CR, 05–85–00970–CR.**

Court of Appeals of Texas,
Dallas.

March 27, 1986.

Fred C. McDaniel, Dallas, Texas, for appellant.

Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

James Fagan appeals his convictions for burglary of a habitation. In cause number 05–85–00969–CR (the burglary of a habitation owned by Jennifer Howle) the jury assessed punishment at confinement for thirty-five years. In cause number 05–85–00970–CR (the burglary of a habitation owned by Lynn Forest) the jury assessed punishment at confinement for twenty years.

In cause number 05–85–00969–CR, appellant's attorney has filed a brief [1] in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See High v. State,* 573 S.W.2d 807 (Tex.Crim.App.1978); *Currie v. State,* 516 S.W.2d 684 (Tex.Crim. App.1974); *Gainous v. State,* 436 S.W.2d

---

1. Both the appellant and the State have filed their briefs for cause no. 05–85–00969–CR in cause no. 05–85–00970–CR and vice-versa. We will, however, treat both parties' briefs in both cases as properly filed in the case to which they actually pertain.

137 (Tex.Crim.App.1969). A copy of counsel's brief has been delivered to appellant and appellant has been advised that he would be given the opportunity to examine the appellate record and that he had a right to file a pro se brief. No pro se brief has been filed.

In Cause number 05–85–00970–CR, appellant's counsel has filed a brief in which appellant contends that the evidence is insufficient to support the conviction. We disagree. Consequently, we affirm.

Sufficiency of the evidence is measured by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979): "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984). In a circumstantial evidence case, if there is a reasonable hypothesis other than the guilt of the accused raised by the evidence, then the essential elements of the crime cannot be found beyond a reasonable doubt. *Id.* at 388. We now determine whether the *Jackson v. Virginia* standard has been met.

Officer C.W. Cottongame of the Dallas Police Department testified that at 1:00 p.m. on May 7, 1985, he was working as a traffic enforcement officer and observed a traffic violation when a car cut across a parking lot to avoid a traffic control device. Cottongame pulled the car over. It was occupied by three black males. The driver was Darnell Smith. Appellant was a passenger in the front seat and Kevin Potts was a passenger in the back seat. Cottongame asked Smith to produce a driver's license and proof of insurance. Smith replied that he had neither. Cottongame observed a television in the back seat, partially covered by a bedspread, and a part of a check protector machine. Smith claimed

the check protector as his and stated that the television belonged to his sister. At this time, appellant got out of the car and went to a nearby convenience store. He returned with a cold drink. After backup (other police officers) arrived, Cottongame discovered a checkbook in the back seat with the name "Woods Janitorial Service" on it. Smith claimed that the checkbook belonged to him and that "Woods Janitorial Service" was the name of his business. Cottongame determined that these representations by Smith were not true and arrested all three men.

A search of the men revealed that all three had jewelry in their pockets. Most of the jewelry was women's jewelry, but there were a few men's watches and a man's class ring. A search of the car in which the three men were riding revealed a purse full of loose change and some rolled coins with the name Jennifer Howle on them and a telephone number. This purse was located on the floorboard in front of where appellant was sitting. A screwdriver was found under the driver's seat. An AM–FM portable radio, video cassette recorders, stereo speakers, and two more televisions were found in the car's trunk.

Jennifer Howle and Lynn Forest lived at a condominium complex located approximately a mile to a mile and one-half from where Cottongame stopped appellant and his companions.[2] Howle lived on the second story of the condominium complex and Forest lived in the condominium immediately below Howle.

Jennifer Howle testified the coin roll with her name on it was hers. Although no other in-court identification of stolen property was made, both Howle and Forest testified that they had previously identified as theirs property recovered from the car in which appellant and his companions were in when stopped by Officer Cottongame. Both Howle and Forest also testified that they did not know appellant and gave no

---

2. Appellant and his companions had been traveling in a direction away from the condomin-

ium complex when stopped.

one permission to enter their condominiums or to take anything from them.

Fingerprint evidence introduced at trial showed that appellant's left ring finger matched a latent fingerprint found on the outside surface of the door to Howle's condominium. It was also shown that a palm print from Kevin Potts matched a latent palm print found on the inside surface of the door to Howle's condominium. Pry marks were found on the doors entering both condominiums. Cottongame testified that the pry marks on the door of Forest's condominium matched the screwdriver found in the car. Appellant did not testify, none of his companions testified, and no witness testified on appellant's behalf.

 The trial court charged the jury on the law of criminal responsibility as a party and the jury was reminded of the law of parties during the prosecutor's closing argument. *See* TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974). A party may be guilty of burglary even though there is no evidence that he personally entered the burglarized premises if the evidence shows that he acted together with another in the commission of the offense. *Clark v. State*, 543 S.W.2d 125, 127 (Tex.Crim.App.1976). And, although mere presence at the scene of an offense is not sufficient to support a conviction under section 7.02(a)(2) of the Texas Penal Code, it is a circumstance tending to prove guilt which may show, in combination with other facts, that the accused participated in the commission of the offense as a party. *Alexander v. State*, 607 S.W.2d 551, 553 (Tex.Crim.App.1980). Some of the facts and circumstances which the jury could have considered in determining appellant's guilt as a party to the burglary of Forest's condominium are the following: (1) both burglaries occurred within a short period of time within the same condominium complex; (2) appellant was in a car being driven in a direction away from the burglarized condominiums; (3) stolen property from both burglaries, identified by Howle and Forest as theirs, was in the car; (4) appellant was in close proximity of and had access to, some of the stolen prop-

erty in the car; (5) appellant's fingerprint and one of his companion's palmprints were found at the scene of the Howle burglary; and (6) pry marks were discovered on the entry door of each burglarized condominium and a screwdriver, matching the pry marks on the door of Forest's condominium, was found in the car in which appellant was riding.

Viewing the evidence in the light most favorable to the prosecution, we conclude any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and that no evidence was presented which would create a reasonable hypothesis other than guilt of the appellant. The evidence is sufficient in cause number 05–85–00970–CR to support the conviction.

In cause number 05–85–00969–CR, we have carefully reviewed the record and the brief of counsel and agree that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that might argueable support the appeal. Accordingly, the judgments are affirmed.

McCLUNG, J., dissenting.

McCLUNG, Justice, dissenting.

I agree with the majority's opinion in cause number 05–85–00969–CR (the Howle burglary). However, I respectfully dissent to the majority's opinion in cause number 05–85–00970–CR (the Forest burglary).

I fail to see how the evidence is sufficient to hold appellant guilty as a party to the Forest burglary. A person is criminally responsible as a party to an offense only if "he solicits, encourages, directs, aids, or attempts to aid" the one who commits the offense. TEX.PENAL CODE § 7.02(a)(2) (Vernon 1974). The majority would hold appellant a party simply because he was a passenger in a car containing goods recently stolen from the Forest condominium.

In *Urtado v. State*, 605 S.W.2d 907 (Tex. Crim.App.1980), the evidence was held to be insufficient to hold the appellant guilty as a party to an attempted burglary of a habitation, even upon evidence that appel-

lant aided the perpetrators by driving them to the crime scene, that appellant was observed making a cutting-type motion across the top of a window screen on the habitation, and that the screen was found to be cut at the point at which appellant made the cutting motion. Here, there is even less evidence. There is no evidence that appellant was at the scene of the Forest burglary, that appellant in any way aided those who committed the Forest burglary, or that appellant possessed goods from the Forest burglary.

Appellant was a passenger, not the driver, of the car in which the stolen property was found. None of the jewelry recovered from appellant's pocket was identified by Howle or Forest. The only property identified by Howle and Forest came from the trunk of the car and perhaps the television from the back seat. The sole print evidence introduced at guilt/innocence was that from Howle's door. There was no evidence that appellant and his companions tried to elude Officer Cottongame when stopped, and in fact, when appellant had an opportunity to flee, he did not. Further, there was no testimony of any furtive gestures on appellant's part when the car was stopped, and no evidence was introduced of any oral or written statement by appellant, if indeed he made any. None of the statements of Smith to Officer Cottongame implicate the appellant in either of the two burglaries.

In this factual context, the only theory on which a burglary conviction for the Forest burglary might be predicated is one in which guilt is inferred from the possession of recently stolen goods. *See Jackson v. State*, 645 S.W.2d 303, 306 (Tex.Crim.App. 1983). When a defendant is found in possession of recently stolen property and at the time of arrest fails to make a reasonable explanation showing his honest acquisition of the property, the fact finder may draw an inference of guilt. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex.Crim.App. 1983). However, for the inference of guilt from the circumstances of possession alone to operate, such possession *must be personal, must be recent, must be unex-*

*plained, and must involve a distinct and conscious assertion of right to the property by the defendant. Jackson*, 645 S.W.2d at 306.

There is no evidence that appellant possessed any property from the Forest burglary. In fact, there is no evidence at all linking appellant to the Forest burglary. The only evidence implicating appellant in any burglary pertains to the Howle burglary. That evidence is the fingerprint from Howle's door and her roll of coins found at appellant's feet in the car. Sufficiency of the evidence is not challenged in the Howle burglary. The majority in effect finds appellant guilty of the Forest burglary because they find he is guilty of the Howle burglary.

The evidence in the Forest burglary is circumstantial. Accordingly, it was incumbent that the State's evidence exclude every reasonable hypothesis other than that the appellant was guilty of the offense charged, in order to sustain its burden of proving that appellant committed the crime. *Dickey v. State*, 693 S.W.2d 386, 387–88 (Tex.Crim.App.1984); *Urtado*, 605 S.W.2d at 909. A reasonable hypothesis not excluded is that appellant participated in only the Howle burglary. Because there is a reasonable hypothesis other than the guilt of appellant in the Forest burglary, I would hold that the elements of the crime could not have been found beyond a reasonable doubt. Accordingly, I would reverse the trial court's judgment in cause number 05–85–00970–CR and render a judgment of acquittal in that cause.