Roger RANGEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 4–87–00003–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 24, 1988.

Rehearing Denied March 28, 1988.
Discretionary Review Refused
June 22, 1988.

Gregory Zaney, Joseph Gilbreath, Combined Lawyers Enforcement Ass'n, Austin, for appellant.

Fred G. Rodriguez, Elizabeth Taylor, Cynthia Bivins, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for the offense of violation of the civil rights of a prisoner. TEX.PENAL CODE ANN. § 39.021 (Vernon Supp.1988). We affirm.

Appellant was tried jointly with two co-defendants. After the State rested, appellant's co-defendants were granted instructed verdicts of not guilty. Appellant's motion for instructed verdict was overruled by the trial court. The jury found appellant guilty, and the court assessed punishment at two years' confinement in the Texas Department of Corrections. The sentence was probated. This appeal resulted.

The complaining witness, a fourteen year old male, testified as follows:

Appellant and one co-defendant, deputy sheriffs, picked him up to question him about some burglaries. They told his mother they were taking him to Juvenile. They met up with the other co-defendant, also a deputy sheriff. One co-defendant said that the complaining witness was the kind of kid whom he would like to sexually abuse. Appellant said, "Let's take him to the dirt road." Upon their arrival at the dirt road, appellant took the complaining witness out of the car and handcuffed him. Appellant asked the complaining witness if he was going to talk about some stolen items. The complaining witness told appellant that he did not know what appellant was talking about. One co-defendant again said that he would like to sexually abuse the complaining witness. The complaining witness heard a gunshot and saw the other co-defendant holstering his gun. Appellant said, "Let's just go tie him up and just shoot him." Appellant slapped the complaining witness' face with an open hand. The three men then took the complaining witness to the Bexar County Sheriff's office.

Appellant raises two points of error. Initially, appellant contends that the trial court erred in overruling his motion for an instructed verdict. After the motion was overruled, appellant put on a defense. Therefore we need not review the propriety of the overruling of the motion made after the State had rested, because appellant by thereafter putting on a defense waived his contention that the trial court acted erroneously. *Kuykendall v. State,* 609 S.W.2d

791, 794 (Tex.Crim.App.1980). In any event we find that the trial court did not err in overruling the motion for instructed verdict because there was evidence which the jury could have believed in arriving at a verdict. *Chase v. State*, 573 S.W.2d 247, 249 n. 1 (Tex.Crim.App.1978).

Appellant's first point of error is overruled.

For his second point of error, appellant asserts that the evidence is insufficient to support the conviction. The standard of review requires that this court examine the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984). Specifically, appellant contends the evidence is insufficient to establish that appellant was a peace officer, and that the victim suffered bodily injury.

TEX.PENAL CODE ANN. § 39.021 provides:

> a ... peace officer commits an offense if he ... intentionally subjects a person in custody to bodily injury knowing his conduct is unlawful....

William Ferrell, an investigator with the Bexar County Sheriff's Department, testified that appellant and the co-defendants were fellow deputy sheriffs and were peace officers. This is sufficient evidence to warrant the jury's conclusion that appellant was a peace officer. *See Eickenhorst v. State*, 662 S.W.2d 622, 625 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). A deputy sheriff is a peace officer. TEX.PENAL CODE ANN. § 1.07(a)(25) (Vernon 1974); TEX.CODE CRIM.PROC.ANN. art. 2.12(1) (Vernon Supp.1988). We conclude that a rational trier of fact could have found that appellant was a peace officer beyond a reasonable doubt.

The indictment alleged that appellant subjected the complainant to bodily injury by striking the complainant with his hand. The Penal Code defines "bodily injury" as "physical pain, illness, or any impairment of physical condition." TEX.PENAL CODE ANN. § 1.07(a)(7) (Vernon 1974).

The complaining witness testified that the slap stung and hurt him. Thus, the evidence shows that appellant slapped the complaining witness hard enough to cause physical pain. *Cf. Gordon v. State*, 681 S.W.2d 629, 630–31 (Tex.App.—Houston [14th Dist.] 1984), *rev'd in part on other grounds*, 707 S.W.2d 626 (Tex.Crim.App. 1986) (evidence that peace officer pulled complainant's hair causing physical pain was sufficient to support a conviction for violation of the civil rights of a prisoner).

We hold that the evidence in the instant case was sufficient to establish that appellant subjected the complaining witness to bodily injury, and a rational trier of fact could have so concluded beyond a reasonable doubt.

Appellant's second point of error is overruled.

The judgment is affirmed.