Tymel v. State 






AFFIRMED
SEPTEMBER 20, 1990

NO. 10-90-050-CR
Trial Court
# 15,121
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

RICKY LYNN TYMEL,
Â Â Â Appellant
v.

THE STATE OF TEXAS,
Â Â Â Appellee

* * * * * * * * * * * * *

 From County Court
Freestone County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
A jury convicted Appellant of the possession of less than two
ounces of marihuana. See TEX. HEALTH & SAFETY CODE ANN. Â§
481.121(b)(1) (Vernon 1990). The court assessed his punishment at
six months in jail, probated for one year, with the condition that
he serve twelve days in jail. The only complaint on appeal is that
the evidence was insufficient to affirmatively link Appellant to
the marihuana. The judgment will be affirmed.
To establish unlawful possession of a controlled substance,
the state must prove beyond a reasonable doubt that the defendant
exercised care, custody, control, and management over the
contraband, and that he knew that the matter possessed was
contraband. Dickey v. State, 693 S.W.2d 386, 389 (Tex. Crim. App.
1984). Furthermore, the state must show an affirmative link
between the defendant and the contraband when the defendant is not
in sole possession of the contraband. Deshong v. State, 625 S.W.2d
327, 329 (Tex. Crim. App. [Panel Op.] 1981). This may be done by
demonstrating facts and circumstances from which one may reasonably
infer that the defendant knew the contraband existed and exercised
care, custody, control, and management over it. Dickey, 693 S.W.2d
at 389. 
When reviewing a complaint that circumstantial evidence was
insufficient to support the verdict, an appellate court must
determine that the evidence excludes every other reasonable
hypothesis except the defendant's guilt. Humason v. State, 728
S.W.2d 363, 366 (Tex. Crim. App. 1987). Evidence which amounts to
a strong suspicion or a mere probability of guilt is insufficient. 
Id. 
Officer Price stopped a Ford Bronco because neither the driver
nor the passenger were wearing safety belts. As he approached the
driver's side of the vehicle and asked the driver, Ronald Brandt,
to get out of the car, he smelled what he thought was "burnt
marijuana." He smelled the same odor when he went to the passenger
door and asked Appellant, the passenger, to also step out of the
vehicle. Price then informed Brandt and Appellant that he detected
the odor of burned marihuana emanating from the car, and asked them
if either one had smoked any marihuana. Both men denied smoking
marihuana, and Brandt claimed that he did not smoke anything.
Although he admitted that neither man appeared to be
intoxicated, Price searched the car on his probable-cause belief
that he would discover marihuana. On the left-front portion of the
passenger's "bucket" seat, where Appellant had been sitting, he
found a half-full package of Marlboro cigarettes which also
contained four hand-rolled marihuana cigarettes. The cigarette
package was lying as if it had been hidden under Appellant's leg. 
Appellant testified that he buys Winston cigarettes, never
Marlboros, but that he did smoke Marlboros when they belonged to
someone else. Price stated that Appellant was cooperative
throughout the entire search. 
Various facts and circumstances, although perhaps insufficient
alone, can help to establish an affirmative link between the
defendant and the contraband. One circumstance is the odor of
marihuana permeating the area where the contraband is found. Ross
v. State, 486 S.W.2d 327, 328 (Tex. Crim. App. 1972). Other
circumstances include the contraband being found in the car seat
where the defendant was sitting and in an area conveniently
accessible to him. Deshong, 625 S.W.2d at 329.
Here, the evidence was sufficient to affirmatively link
Appellant to the marihuana cigarettes found in the vehicle because
they were found in Appellant's bucket seat, in an area conveniently
accessible to him, and Officer Price smelled an odor of marihuana
in the car. See id. Additionally, Appellant admitted to smoking
Marlboro cigarettes on occasion. Based on these affirmative links
and the record as a whole, any rational trier of fact could have
found Appellant guilty of knowingly and intentionally possessing
marihuana beyond a reasonable doubt. Point one is overruled and
the judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
BOB L. THOMAS
DO NOT PUBLISHChief Justice



d that
he was inept and ineffective.Â

Â Â Â Â Â Â Â Â Â Â Â  Ineffective
assistance claims are reviewed through the two-part prism set forth by the
Supreme Court in Strickland v. Washington.Â  Appellant must show both 1)
that his attorneyÂs performance was deficient and 2) that he was harmed by the
deficiency. Â 466 U.S. 688, 104 S.Ct. 2052, 80 L.E.2d 674 (1984); Hernandez
v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986).Â  The reviewing court must
begin its review with a strong presumption that trial counselÂs actions fell
within a wide range of reasonable conduct.Â  Scheanette v. State, 144 S.W.3d
503, 509 (Tex. Crim. App. 2004); Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002).Â  The review must focus on the Âtotality of
representation,Â not isolated acts or omissions of counsel.Â  Wilkerson v.
State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986).Â  Normally, the record on
direct appeal is insufficient to establish that the representation was so
lacking as to overcome the strong presumption that counselÂs conduct was
reasonable.Â  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App.
2005).

Â Â Â Â Â Â Â Â Â Â Â  AppellantÂs
primary contention concerns his attorneyÂs failure to object during the
following exchange which occurred when appellant was on the stand.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Prosecutor: Â Â  And really what
youÂre saying and the reason we want

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  sex
offenders registered Â and donÂt let me put words in

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  your
mouth, but itÂs based on the research by Kercher

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  and Long
that the average sex offender has a hundred

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  fifty
[victims] in their lifetime?

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hurt:Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Some type of
sex offenders.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Prosecutor:Â Â Â  ÂWe are not
saying that youÂre the average sex offender.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  And just
to be fair you havenÂt molested a hundred fifty

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  children,
right?

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hurt:Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ThatÂs
correct.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Prosecutor:Â Â Â  You only admitted
to twenty?

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hurt:Â Â Â Â Â Â Â Â Â Â Â Â Â Â  I donÂt know
that I have admitted to twenty.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Prosecutor:Â Â Â  Okay.Â  Well, do
you remember telling your therapist

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  that in
your Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hurt:Â Â Â Â Â Â Â Â Â Â Â Â Â Â  I may have.Â 
I may have said that, yes.

Â 

The evidence that appellant
had told his therapist that he had molested 20 children was inadmissible.Â  It
was a significant error for his attorney not to contemporaneously object.Â  Even
considering the attorneyÂs representation of appellant as a whole, it is the
type of failure to object that, without more, could render his entire
performance deficient under Strickland.Â Â  There is, however,
considerably more in the record.

Â Â Â Â Â Â Â Â Â Â Â  While appellant
was still on the stand, his attorney asked for and received a bench conference outside
the presence of the jury.Â  The attorney brought up the exchange concerning the
20 victims.Â  He acknowledged his failure to timely object and stated:

Â Â Â Â Â Â Â Â Â Â Â  I had to make a calculated decision as to
whether I should object

Â Â Â Â Â Â Â Â Â Â Â  at that point and emphasize that business of
him sexually abusing 

Â Â Â Â Â Â Â Â Â Â Â  twenty children.Â  I decided as a tactical
matter just to let that go at

Â Â Â Â Â Â Â Â Â Â Â  this point.Â  But now I think I need to raise
the issue. 

Â 

The prosecutor then
attempted to justify his questions claiming that appellant had Âopened the
door,Â an argument that neither the trial court nor the record supports.[1]

Â Â Â Â Â Â Â Â Â Â Â  AppellantÂs
attorney then raised the issue that the jury be instructed to disregard.Â  After
the trial court agreed to do so, the subject of a mistrial was raised by the
defense attorney:

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  We donÂt want a mistrial, but
IÂm going to ask for one because itÂs

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  so prejudicial, Your Honor, that
- - can I consult with my client just

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  a minute?

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE COURT:Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Yes.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  (short
pause)

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DEFENSE ATTORNEY:Â Â Â Â Â  Your
Honor, my client and I agreed.Â  We

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  are not going to make a motion
for mistrial.Â  I donÂt know whether you

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  will grantÂ  it, but he wants to
conclude with this trial.

Â 

The jury then returned to the
courtroom, the judge instructed them to disregard the testimony of Âtwenty
other offenses,Â and the examination of appellant continued.

Â Â Â Â Â Â Â Â Â Â Â  Appellant has
presented this as a simple failure to object to extraneous offenses.Â  The
record, however, shows a more complex situation.Â  The defense attorney failed
to make a contemporaneous objection.Â  He explained that failure as not wanting
to emphasize the testimony further.Â  However, while his client was still on the
stand, he discussed the issue with the court outside of the juryÂs presence.Â 
He obtained an instruction to disregard.Â  He then began to ask for a mistrial.Â 
As he was doing so, he conferred with his client.Â  There then appears an
affirmative decision not to request a mistrialÂa decision that was evidently
joined in by the appellant.

Â Â Â Â Â Â Â Â Â Â Â  A trial attorney
is required to make quick decisions as to whether to object at trial.Â  Here
trial counsel failed to make a contemporaneous objection to inadmissible
testimony.Â  He explained it as not wanting to emphasize the testimony further
before the jury.Â  While his client was still on the stand, he changed his
mind.Â  He successfully requested an instruction to disregard the testimony.Â  He
then proceeded to ask for a mistrial but then both he and appellant decided to go
forward with the jury they had.Â  AttorneysÂboth winning and losing, prosecutors
and defendersÂmake such mistakes.Â  They also make tactical decisions.Â  Given
the entire context of the evidence and in light of the instruction to disregard
and the tactical decision not to seek a mistrial, we conclude that this is not
conduct which satisfies the first prong of the Strickland test.

Â Â Â Â Â Â Â Â Â Â Â  Appellant also
complains of Ânumerous [other] errors and antics of defense counselÂ which
established that he was Âinept and ineffective.ÂÂ  This complaint lists numerous
supposed errors, but they basically fall within three broad categories: 1)
constant interruptions with specious objections; 2) ÂspeakingÂ objections that
caused the trial court to admonish him; and 3) not objecting as Âcumulative and
inflammatoryÂ to three separate questions involving the appellantÂs prior
convictions.

Â Â Â Â Â Â Â Â Â Â Â  None of these
Âerrors and anticsÂ even remotely approaches deficient performance by trial
counsel.Â  During direct examination of the stateÂs sole witness, defense
counsel objected to 11 questions and two exhibits.Â  All of the objections
involved how far the police officer witness could go in testifying about the
law and how much he could rely on business records.Â  Two of the objectionsÂone
for hearsay, one for offering an improper expert opinionÂwere sustained.Â  All
of the objections were within the realm of what a reasonable defense attorney
would object to.Â  Similarly, while some of the objections were wordy, they were
on point and well within what typically transpires in a trial.Â  Finally,
appellantÂs prior convictions were in the indictment and an integral part of
the stateÂs proof.Â  The three questions asked appellant on cross-examination
vaguely alluded to his prior convictions in connection with questioning him
about his failure to report.Â  They were necessary to the point being made on
cross-examination and, therefore, were not Âcumulative.Â

Â Â Â Â Â Â Â Â Â Â Â  Appellant has
invited this court to examine the entire transcript to see Âthe incredible
nature of this trial.ÂÂ  That examination has occurred.Â  Trial counsel was
presented with an overwhelming case of guilt against his client. Â He further
had a client who chose to plead not guilty and to testify.Â  During his
testimony, he admitted to the elements of the offense on four separate
occasions.Â  There is little any attorney could do given these facts.Â  Trial
counsel made an acceptable voir dire, exercised his peremptory strikes, and made
a cogent opening statement and final argument.Â  His theme of Âsubstantial
compliance,Â while not a legal defense, fit the facts of the case and gave him
something to argue.Â  In short, he was in a hopeless situation but nonetheless
made a reasonable effort at presenting a defense.Â  That is what was required of
him and that was what he did.

Â Â Â Â Â Â Â Â Â Â Â  Trial counselÂs
sole mistake was his failure to timely object to the Âtwenty victimÂ
testimony.Â  His delayed objection did result in an instruction to disregard and
ultimately a decision, joined by his client, not to seek further relief.Â 
Perhaps counsel was deficient in other ways, but they are not shown in this
record.Â  Such deficiencies will need to be developed at a writ of habeas corpus
hearing.Â  Based on the record before us, we cannot say that counselÂs
representation fell below the level constitutionally required.

CONCLUSION

Â Â Â Â Â Â Â Â Â Â Â  Having overruled
appellantÂs sole ground of error, the judgment of the trial court is affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  KEN
ANDERSON

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  District
Judge

Â 

Â 

Before
Justice Vance,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna,

Â Â Â Â Â Â Â Â Â Â Â  and
Judge Anderson[2]

Affirmed

Opinion
delivered and filed September 24, 2008

Do
not publish

[CR25]








Â 









[1]Â Â  The state has inexplicably failed to file a
brief in this case.Â  After their briefÂs due date passed, this court informed
them of that fact by a letter to which no response was received.





[2] Â Â Hon. Ken Anderson, Judge of the 277th District Court of Williamson County, sitting by assignment of the Chief Justice of the
Texas Supreme Court pursuant to section 74.003(h) of the Government Code.