TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00409-CV







In the Matter of R. D. R.





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-15,541, HONORABLE JOHN DIETZ, JUDGE PRESIDING





 Appellant, R.D.R., a juvenile, appeals from a trial court order adjudicating her delinquent
for possession of marihuana. See Tex. Fam. Code Ann. § 54.03 (West 1996); Tex. Health & Safety Code
Ann. § 481.121 (West 1992). At a subsequent disposition hearing the trial court assessed her punishment
as probation in the custody of her grandmother for six months. On appeal, R.D.R. complains that the
evidence is legally insufficient to sustain the trial court's adjudication of delinquent conduct. We will affirm
the trial court's judgment.


BACKGROUND


 On December 13, 1995, after obtaining a search warrant, the Austin Police Department
entered the house of Augustine Leal, where he, his parents, and at least one sister were residents. Upon
entering, R.D.R. was found sitting alone on the bed in a room of the house designated by the officers as
bedroom number one. Officer Mayes testified to a strong odor of marihuana coming from that bedroom. 
Seven separate containers holding various amounts of marihuana were found throughout the room. A scale
was also found in the room on a dresser, and a pipe was found in one of the boxes containing marihuana. 
No other contraband or paraphernalia was found in the house. R.D.R. did not attempt to flee or make any
gestures indicating guilt. R.D.R. was taken into custody at that time for possession of marihuana.


DISCUSSION


 R.D.R. asserts as her sole point of error that the evidence is legally insufficient to support
a conviction for possession of marihuana. The critical inquiry on review of the legal sufficiency of evidence
is whether the evidence of record could reasonably support a finding of guilt beyond a reasonable doubt. 
This Court does not ask whether it believes that the evidence at trial established guilt beyond a reasonable
doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to
the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d
155, 159 (Tex. Crim. App. 1981).

 To prove possession of a controlled substance, the State must show: (1) the accused
exercised care, custody, and control or management over the contraband, and (2) the accused knew that
the substance was contraband. Hackleman v. State, 919 S.W.2d 440, 444 (Tex. App.--Austin 1996,
pet. ref'd untimely filed); Tatum v. State, 836 S.W.2d 323, 324 (Tex. App.--Austin 1992, pet. ref'd).

 Exclusive possession of the contraband need not be shown. Whitworth v. State, 808
S.W.2d 566, 569 (Tex. App.--Austin 1991, pet. ref'd). However, "[m]ere presence at a place where
contraband is being used or possessed by others does not justify a finding that a person is a party to an
offense." Id.

 If the accused is not in exclusive control of the premises where the contraband is found,
other independent facts and circumstances must be established to link the accused to the contraband. 
Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); Martinets v State, 884 S.W.2d 185, 187
(Tex. App.--Austin, 1994, no pet.). The secondary facts that indicate the accused's knowledge and
control of the contraband are affirmative links. Martinets, 884 S.W.2d at 188. These links must be more
than mere conjecture. Dickey v. State, 693 S.W.2d 386, 389 (Tex. Crim. App. 1984); Tatum, 836
S.W.2d at 325. Affirmative links raise a reasonable inference of the accused's knowledge and control of
the contraband. Fields v. State, 932 S.W.2d 97, 103 (Tex. App.--Tyler 1996, pet. ref'd).

 Various factors have been identified as tending to establish affirmative links: e.g., (1) the
contraband was in plain view; (2) the accused was the owner of the premises in which the contraband was
found; (3) the contraband was conveniently accessible to the accused; (4) the contraband was found in
close proximity to the accused; (5) a strong residual odor of the contraband was present; (6) paraphernalia
to use the contraband was in view or found near the accused; (7) the physical condition of the accused
indicated recent consumption of the contraband in question; (8) conduct by the accused indicated a
consciousness of guilt; (9) the accused had a special connection to the contraband; (10) the place where
the contraband was found was enclosed; (11) the occupants of the premises gave conflicting statements
about relevant matters; and (12) affirmative statements connect the accused to the contraband. Nixon v.
State, 928 S.W.2d 212, 215 (Tex. App.--Beaumont 1996, no pet.). More important than the number
of factors present is the logical force of the factors, either alone or in combination, to establish the elements
of the offense. Martinets, 884 S.W.2d at 188; Whitworth, 808 S.W.2d at 569. Of course, any list of
affirmative links is non-exclusive. Castellano v. State, 810 S.W.2d 800, 805 (Tex. App.--Austin 1991,
no pet.).

 Affirmative links present here that connect R.D.R. to the contraband include: (1) the strong
odor of raw marihuana; (2) scales in plain view on the dresser in the bedroom; (3) two letters were found
in the house addressed to R.D.R. at the Leal's address; (4) R.D.R. was found sitting alone in the bedroom
where marihuana was found; (5) R.D.R. was sitting in close proximity to the marihuana; (6) seven separate
quantities of marihuana were found in the room, although all were in closed containers; and (7) the total
amount of marihuana found in the room was significant.

 While the record supports R.D.R.'s assertion that the marihuana itself was not in plain view,
this fact alone does not render the evidence insufficient; the scales were in plain view. Further, R.D.R. was
found alone, sitting on the bed, in the bedroom where the marihuana was found when the search warrant
was executed. While no relationship between R.D.R. and Augustine Leal was established by the State, (1)
no explanation was provided for R.D.R.'s presence in the house and especially her presence alone in a
private bedroom. R.D.R.'s grandmother testified that R.D.R. had lived with her since the age of two and
had not lived with anyone else since then. However, two letters addressed to R.D.R. at the Leal's address
were found in the search of the house. Under the evidence present in the record, it is reasonable to infer
that, at the very least, R.D.R. felt comfortable enough in the Leal house to sit alone in a bedroom and to
receive her mail there.

 Officer Mayes testified that there was a strong odor of raw marihuana in the bedroom. He
stated the odor was emanating from police exhibits three and four. Exhibit three was a box containing two
pounds of marihuana and a pipe which was found under the bed on which R.D.R. was sitting. Exhibit four
was a sunbeam scale box located on the floor and contained 6.8 pounds of marihuana. In total, a large
quantity of marihuana was found dispersed in seven separate locations throughout the bedroom. Further,
the scale on the dresser in the bedroom was in plain view. R.D.R. was in close proximity to the contraband
and paraphernalia found in the bedroom. All the contraband and paraphernalia was conveniently accessible
to her. We conclude from these affirmative links that a rational trier of fact could infer R.D.R.'s knowledge
and control of the contraband.


CONCLUSION


 Considering the evidence in the light most favorable to the verdict, the evidence is sufficient
to allow a rational trier of fact to find that all essential elements of possession were proven beyond a
reasonable doubt. The State sustained its burden of proof. Accordingly, we overrule the appellant's point
of error and affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: June 19, 1997

Do Not Publish
1. An officer at one point referred to R.D.R. as Leal's girlfriend, but on further examination,
admitted that he had no personal knowledge of that fact.



ich the contraband was
found; (3) the contraband was conveniently accessible to the accused; (4) the contraband was found in
close proximity to the accused; (5) a strong residual odor of the contraband was present; (6) paraphernalia
to use the contraband was in view or found near the accused; (7) the physical condition of the accused
indicated recent consumption of the contraband in question; (8) conduct by the accused indicated a
consciousness of guilt; (9) the accused had a special connection to the contraband; (10) the place where
the contraband was found was enclosed; (11) the occupants of the premises gave conflicting statements
about relevant matters; and (12) affirmative statements connect the accused to the contraband. Nixon v.
State, 928 S.W.2d 212, 215 (Tex. App.--Beaumont 1996, no pet.). More important than the number
of factors present is the logical force of the factors, either alone or in combination, to establish the elements
of the offense. Martinets, 884 S.W.2d at 188; Whitworth, 808 S.W.2d at 569. Of course, any list of
affirmative links is non-exclusive. Castellano v. State, 810 S.W.2d 800, 805 (Tex. App.--Austin 1991,
no pet.).

 Affirmative links present here that connect R.D.R. to the contraband include: (1) the strong
odor of raw marihuana; (2) scales in plain view on the dresser in the bedroom; (3) two letters were found
in the house addressed to R.D.R. at the Leal's address; (4) R.D.R. was found sitting alone in the bedroom
where marihuana was found; (5) R.D.R. was sitting in close proximity to the marihuana; (6) seven separate
quantities of marihuana were found in the room, although all were in closed containers; and (7) the total
amount of marihuana found in the room was significant.

 While the record supports R.D.R.'s assertion that the marihuana itself was not in plain view,
this fact alone does not render the evidence insufficient; the scales were in plain view. Further, R.D.R. was
found alone, sitting on the bed, in the bedroom where the marihuana was found when the search warrant
was executed. While no relationship between R.D.R. and Augustine Leal was established by the State, (1)
no explanation was provided for R.D.R.'s presence in the house and especially her presence alone in a
private bedroom. R.D.R.'s grandmother testified that R.D.R. had lived with her since the age of two and
had not lived with anyone else since then. However, two letters addressed to R.D.R. at the Leal's address
were found in the search of the house. Under the evidence present in the record, it is reasonable to infer
that, at the very least, R.D.R. felt comfortable enough in the Leal house to sit alone in a bedroom and to
receive her mail there.

 Officer Mayes testified that there was a strong odor of raw marihuana in the bedroom. He
stated the odor was emanating from police exhibits three and four. Exhibit three was a box containing two
pounds of marihuana and a pipe which was found under the bed on which R.D.R. was sitting. Exhibit four
was a sunbeam scale box located on the floor and contained 6.8 pounds of marihuana. In total, a large
quantity of marihuana was found dispersed in seven separ