IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00235-CR

 

Wayne Burton,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 411th District Court

San Jacinto County, Texas

Trial Court No. 8638

 



MEMORANDUM  Opinion



 








          A jury convicted Wayne Burton of aggravated
assault, assessed his punishment at ten years’ imprisonment, and recommended
that he be placed on community supervision.  In accordance with the verdict,
the court sentenced Burton to ten years’ imprisonment, suspended imposition of
sentence, and placed him on community supervision for ten years.  Burton contends in two points that the evidence is legally and factually insufficient.  We
will affirm.

          The indictment alleges that Burton
committed the aggravated assault by “intentionally, knowingly, or recklessly
caus[ing] bodily injury to Reyna Burton by striking her in the face and head
with his hand, and [by] then and there us[ing] or exhibit[ing] a deadly weapon,
to-wit: a machete, during the commission of said assault.”[1]

          Burton contends in his first and
second points respectively that there is legally and factually insufficient
evidence to prove that Reyna suffered bodily injury[2]
or that he exhibited a machete. 

          The Penal Code defines “bodily injury”
as “physical pain, illness, or any impairment of physical condition.”  Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon Supp. 2004–2005).  A deadly weapon is “exhibited” when it is “consciously shown,
displayed, or presented to be viewed during ‘the commission of a felony offense
or during immediate flight therefrom.’”  Searcy v. State, 115 S.W.3d 628,
631 (Tex. App.—Waco 2003, no pet.) (quoting Patterson v. State, 769
S.W.2d 938, 941 (Tex. Crim. App. 1989)).

          Reyna testified that Burton and she
had married in December 2001, but she left him about two months later because
he “attacked” her.  Reyna and Burton encountered each other again some months
later at a new church Reyna had begun attending.  According to Reyna, Burton came to her house on a daily basis thereafter because he wanted her to come back to
him.

          She testified that on the date in
question Burton presented her a bracelet, which she declined to accept because
she was still unsure if she wanted to return.  After some discussion, she told
him she did not want to return.  Reyna testified that he then “grabbed a
machete . . . and grabbed me by my hair and put it on my neck and told me he
was going to kill me.  He dragged me through the back door . . . .”  The State
offered a machete in evidence which Reyna identified as the weapon he had
threatened her with.

          Reyna testified that Burton later
threw the machete down after they talked.  When she tried to get it (presumably
to throw it out of his reach), Burton “grabbed [her] and threw [her] in the bed
and hit [her] in the head with his fist.”  He told her he wanted to have sex,
and when she refused, “[h]e started hitting [her] in the head.”  She testified
that he then sexually assaulted her.

          According to Reyna, she did not seek
medical treatment after the assault because no one was available to take care of
her children.  She testified on cross-examination that Burton hurt her when he
hit her in the head with his fist.

          Viewed in a light most favorable to
the verdict, Reyna’s testimony is legally sufficient to prove that Burton
caused bodily injury to Reyna by hitting her in the head with his fist and that
he exhibited the machete during the course of the assault.  See Tex. Pen. Code Ann. § 1.07(a)(8); Searcy,
115 S.W.3d at 632; Salley v. State, 25 S.W.3d 878, 881 (Tex. App.—Houston [14th Dist.] 2000, no pet.); Rangel v. State, 747 S.W.2d 32, 33 (Tex. App.—San Antonio 1988, pet. ref’d).  Accordingly, we overrule Burton’s first point.

          Burton contends in his second point
that the evidence is factually insufficient because: (1) there are
inconsistencies between Reyna’s testimony and the statements she made to
investigators; (2) she did not seek medical attention after the assault; (3)
photographs taken the day after the assault do not reveal bruising or other
signs of injury; and (4) she had a motive to allege that Burton had assaulted
her so that she could apply for naturalization under the Violence Against Women
Act.[3]

          We also observe that Burton testified
in his own defense and denied that he assaulted Reyna on the date in question
or that he threatened her with the machete.

          These disparities all concern
credibility.  In closing argument, Burton’s attorney asked the jury to acquit
him because the State had failed to present “credible evidence” and called these
various inconsistencies to the jury’s attention.  

          The jury is the ultimate fact finder
on issues of credibility, and by its verdict, the jury chose to believe Reyna. 
See Parker v. State, 119 S.W.3d 350, 355 (Tex. App.—Waco 2003, pet. ref’d). 
We must defer to the jury in its resolution of such issues.  Id.  Accordingly,
we cannot say that the evidence is factually insufficient.  Thus, we overrule Burton’s second point.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed September 14, 2005

Do not publish

[CR25]

 

          









[1]
          The indictment also charged Burton with aggravated sexual assault, but the jury acquitted him on this count.

 





[2]
          Burton states in his first point
that “there are insufficient facts to show the alleged injuries which [Reyna]
claimed to have suffered.”  We construe this as an assertion that there is
insufficient evidence to prove that she suffered “bodily injury” as alleged in
the indictment.





[3]
          42 U.S.C.A. § 13981 (West 1995
& Supp. 2005) (held unconstitutional in U.S. v. Morrison, 529 U.S. 598, 627, 120 S. Ct. 1740, 1759, 146 L. Ed. 2d 658 (2000)).