Affirmed and Memorandum Opinion filed April 27, 2010



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00213-CR



 

Richard Dotson, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 1192825



 

MEMORANDUM  OPINION

 

            A jury found
appellant Richard Dotson guilty of possession of a controlled substance and
sentenced him to eighteen years in the Institutional Division of the Texas
Department of Criminal Justice.  On appeal, appellant contends the evidence is
legally and factually insufficient to support his conviction.  We affirm.

I.     Background

            On November 21,
2008, Houston Police Officer Everette Gary pulled over a vehicle with open city
warrants.  Officer Gary detained the driver and, before impounding the vehicle,
asked whether any of the passengers had valid driver’s licenses.  None of the
passengers were carrying licenses, so Officer Gary refused to let the
passengers take the car from the scene.  

Officer Gary and several other officers who had
arrived at the scene asked the passengers to step out of the car so they could
conduct an inventory of the car.  Appellant was sitting in the back,
passenger-side of the car.  Houston Police Officer M. Agee testified that he
saw, in plain view, a crack pipe at appellant’s feet on the floorboard of the
vehicle.  Officer Gary testified that when he later conducted an inventory of
the vehicle, he saw the crack pipe on the floorboard of the side where
appellant had been sitting.

            Officers Gary and
Agee suspected that appellant was in possession of drug paraphernalia, a
criminal offense.  Therefore, they detained appellant, and Officer Agee
systematically patted him down.  In appellant’s pocket, Officer Agee found a
chunk of white substance that tested positive for crack cocaine.  

            A jury
subsequently convicted appellant of possession of a controlled substance and
sentenced him to eighteen years’ imprisonment.  On appeal, appellant contends
the evidence was legally and factually insufficient to convict him.[1]

II.     Discussion

            In
a legal-sufficiency review, we consider all of the evidence in the light most
favorable to the verdict and decide whether a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Reed
v. State, 158 S.W.3d 44, 46 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d).  We may not substitute our judgment for the jury’s, and will not engage
in a reexamination of the weight and credibility of the evidence.  Id.; Brochu
v. State, 927 S.W.2d 745, 750 (Tex. App.—Houston [14th Dist.] 1996, pet.
ref’d).  

By
contrast, we review the evidence in a neutral light when conducting a factual-sufficiency
review.  Reed, 158 S.W.3d at 46.  We must set aside the verdict if (1)
the proof of guilt is so obviously weak that the verdict must be clearly wrong
and manifestly unjust, or (2) the proof of guilt, although legally sufficient,
is greatly outweighed by contrary proof.  See Vodochodsky v. State, 158
S.W.3d 502, 510 (Tex. Crim. App. 2005).  However, because the jury is in the
best position to evaluate the credibility of the witnesses, we must afford
appropriate deference to its conclusions.  Pena v. State, 251 S.W.3d 601,
609 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).  

As
correctly argued by appellant, in a possession-of-a-controlled-substance case,
the State must (1) affirmatively link the accused to the contraband by showing
that the accused exercised care, control, and management over the contraband,
and (2) prove that the accused knew the substance possessed was contraband.  See
Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003 & Supp. 2009);
Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); Dickey v.
State, 693 S.W.2d 386, 389 (Tex. Crim. App. 1984).  The State’s burden may
be met by introducing additional facts and circumstances which indicate the
accused’s knowledge and control of the contraband.  Dickey, 693 S.W.2d
at 389.  

Facts
that may affirmatively link the accused to the contraband include: (1) whether
the contraband was in plain view; (2) whether the place where contraband was
found was enclosed; (3) whether the contraband was conveniently accessible to
the accused; (4) whether the accused was the owner of the place where the
contraband was found; (5) whether the accused had sole access to the place
where the contraband was found; (6) whether the accused possessed  other
contraband or drug paraphernalia when arrested; and (7) the conduct of the
accused upon arrest.  Evans v. State, 202 S.W.3d 158, 162 n.12 (Tex.
Crim. App. 2006); Olivarez v. State, 171 S.W.3d 283, 291 (Tex.
App.—Houston [14th Dist.] 2005, no pet.); Deshong v. State, 625 S.W.2d
327, 329 (Tex. Crim. App. 1981).  Texas courts have recognized that the above
factors, either singly or in combination, may establish an affirmative link
between the accused and the contraband.  See Evans, 202 S.W.2d at 162 n.12.

Here, the
crack was found on appellant’s person and, specifically, in his pocket. 
Additionally, Officer Gary found the crack pipe in the car on the floorboard beneath
the seat where appellant was sitting, and Officer Agee testified he specifically
saw the crack pipe at appellant’s feet.  Mr. Rodriguez tested the substance
found in appellant’s pocket and determined that it was crack cocaine.

Considering
all of the evidence in the light most favorable to the verdict, we hold that a
rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt.  See Reed, 158 S.W.3d at 46.  Considering all of the
evidence in a neutral light, we hold that the proof of guilt is neither so
obviously weak that the verdict must be clearly wrong and manifestly unjust nor
greatly outweighed by contrary proof.  See Vodochodsky, 158 S.W.3d at
510.  Accordingly, we overrule appellant’s first and second issues.

III.   Conclusion

Having overruled both of appellant’s
issues on appeal, we affirm the judgment of the trial court.

 








                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Justices Frost,
Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Appellant filed a motion to suppress evidence at trial, but he does not
challenge the trial court’s denial of that motion in this appeal.