**Dennis Allen KNAB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Melody Langlois KITCHENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 66942, 66943.**

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 6, 1982.

The information, omitting the formal portions, alleged:

"... did heretofore then and there intentionally and knowingly possess a usable quantity of marihuana of less than two ounces."

The Court recently considered this same ground of error in *Phelps v. State*, 623 S.W.2d 936 (1981). There it was noted that "possession" was "not an act, nor is it an omission, but is defined as something distinct from both act and omission." See Article 4476–15, Section 1.02(23), V.A.C.S.; V.T.C.A. Penal Code, Section 1.07(a)(1), (23) and (28). Therefore, since the term does not go to an act or omission of the defendant, no more precise definition is required. *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr. App.1981).

The informations being sufficient, the judgments are affirmed.

J. R. Molina, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, James J. Heinemann, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

McCORMICK, Judge.

These are appeals from convictions of possession of marihuana. Punishment in each case was assessed by the court at a $100.00 fine.

Appellants' only ground of error asserts the information failed to state whether the possession was by actual care or custody or control or management or by constructive possession. Appellants' motions to quash were overruled by the trial court.