T. BYRD aka T. Edmond, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–91–179–CR.

Court of Appeals of Texas, Waco.

July 22, 1992.

Carl R. Pruett, Houston, for appellant.

Patrick C. Batchelor, Crim. Dist. Atty., Alan M. Bristol, Asst. Dist. Atty., Corsicana, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Timothy Wayne Edmond was convicted by the court of possession of cocaine, less than 28 grams, and sentenced to eight years in prison, probated. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Pamphlet 1992). He appeals, asserting that the court erred in denying his motion to quash the indictment and his motion to suppress. He also contends that there is insufficient evidence to uphold his convic-

# 1tion. We will overrule the points and affirm the judgment.

Department of Public Safety Trooper Jim Baird clocked the vehicle Byrd was driving at eighty-seven miles per hour and stopped him for speeding. Byrd could not produce any identification or the vehicle registration and told the trooper that the vehicle belonged to his girlfriend. Baird made a "pat-down" search and discovered $1400 cash in Byrd's pocket. Baird searched the trunk and found a black bag containing $3040 in cash and a plastic bag with paper plates, fingernail files, a strainer, and what appeared to be cocaine residue. Approximately eight milligrams of cocaine were recovered from the plastic bag.

In his first point, Byrd asserts that the court erred in overruling his motion to quash the indictment. The indictment alleged that Byrd did "knowingly and intentionally possess a controlled substance, to wit: cocaine in an amount by aggregate weight, including any adulterants and dilutants, of less than 28 grams." Byrd argues that, to sustain a conviction, the State must prove every element of the offense charged. "Element of the offense" is defined as forbidden conduct, required culpability, any required result, and the negation of any exception to the offense. Tex.Penal Code Ann. § 1.07(a)(13) (Vernon 1974). A person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct. Id. § 6.02(a). "Conduct" is defined as "an act or omission and its accompanying mental state." Id. § 1.07(a)(8). Byrd cites two cases for the proposition that "possession" is not an act or omission. See Phelps v. State, 623 S.W.2d 936, 937 n. 1 (Tex.Crim.App.1981); Knab v. State, 626 S.W.2d 60, 61 (Tex.Crim.App.1982). Byrd argues that, because "possession" is not an "act or omission," it cannot be used as the basis of a criminal prosecution. Therefore, he says, the indictment fails to allege a forbidden "conduct"—an essential element of the offense—and thus fails to state an offense against the laws of the State of Texas.

Byrd's argument, however, overlooks section 6.01(a) of the Penal Code, which states: "A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession." See Tex.Penal Code Ann. § 6.01(a) (Vernon Supp.1992). Possession is not an act or omission, but it is conduct. Id. Thus, "possession" can form the basis for an offense under the Penal Code. Id. The court did not err in overruling Byrd's motion to quash. Point one is overruled.

Byrd's second point asserts that the court erred in denying his Motion to Suppress. He complains that there was no probable cause to detain him for suspicion of criminal activity and that the arrest for the traffic violation was a pretext arrest. "A pretext arrest occurs when an individual is validly stopped or arrested for one offense only because law enforcement officials desire to investigate that individual for a different offense—i.e., an offense for which they do not have valid legal grounds to stop or arrest." Garcia v. State, 827 S.W.2d 937, 939-40 (Tex.Crim.App.1992). Officer Baird testified that on May 19, 1989, he was on routine patrol on Interstate 45. Around 9 p.m., he observed a 1989 blue Chevrolet driving eighty-seven m.p.h. He stopped the vehicle, which was occupied by Byrd and two female passengers. Byrd had no identification, no vehicle registration, and was "extremely nervous." Byrd did not deny that he was speeding when he was stopped.

The Court of Criminal Appeals has recently adopted an "objective" analysis of pretext arrests: "As long as an actual violation occurs, law enforcement officials are free to enforce the laws and detain a person for that violation, regardless of whatever the usual practices or standards of the local law enforcement agency are and regardless of the officer's subjective reasons for the detention." Id. at 944 (emphasis original). The appropriate limitation of an officer's discretion, under the Fourth Amendment, is the existence of a law and the actual commission of an offense. Id. There is no indication in the record that Baird had any illicit motives in stopping

Byrd for the speeding violation. Byrd did not deny that he was speeding. The stop and detention of Byrd for the traffic violation was reasonable under Fourth Amendment principles. *See id.*

Byrd also complains of the search of the vehicle. Baird testified that, after Byrd was unable to produce any identification or vehicle registration, he "patted him down" for weapons. The search revealed $1400 cash in Byrd's pocket. Baird testified, "Well, I asked if I could look in the car, and he said, 'Go ahead.' I asked him if he could open the trunk for me, if I could look in here; and he went and got the key and opened the trunk." Baird did not inform Byrd that he had the right to refuse consent. Byrd got the key and opened the trunk.

In the trunk, Baird found a black pouch and a plastic bag. He asked Byrd, "Who does this stuff belong to?" Byrd answered, "It's mine." The black bag contained $3040 cash. The plastic bag contained paper plates, a strainer, two metal fingernail files, and white powder that Baird suspected was cocaine residue. A "drug dog," which was called to the scene, "alerted" on both the black and the plastic bags. A search of the glove box revealed empty "little bitty plastic bags," one-half-inch by one-half-inch, which Baird testified are commonly used to hold rock cocaine. A Department of Public Safety chemist testified that the plastic bag in the trunk contained approximately eight milligrams of cocaine. He also testified that the paper plates, strainer, and fingernail files are often used to process cocaine into its "rock" form.

Byrd testified that Baird did not ask for permission to search the car and that Baird took the key from the ignition and opened the trunk. Byrd admitted that the black tote with the money was his—that his boss had asked him to keep the cash for him. He denied telling Baird that the plastic bag with the drug paraphernalia was his. Donnalaun Phillips, a passenger in the vehicle, testified that after Baird asked Byrd to step out of the car, she did not hear any of their conversation. She said that Byrd got back into the car to look in the glove compartment, but did not find what he was looking for and got out of the car again. She did not see who opened the trunk.

■ A person may waive his right to be free from a warrantless search by intelligently and knowingly consenting to the search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248–50, 93 S.Ct. 2041, 2059, 36 L.Ed.2d 854 (1973). Whether consent is voluntarily or knowingly given is a question of fact which must be determined by considering the totality of the circumstances. *Id.; Juarez v. State*, 758 S.W.2d 772, 776 (Tex.Crim.App.1988). The State must prove by clear and convincing evidence that the consent was freely and voluntarily given. *Johnson v. State*, 803 S.W.2d 272, 286–87 (Tex.Crim.App.1990). Although the police do not have to inform the defendant that consent need not be given, failure to warn constitutes an important factor in determining whether valid consent was given. *Meeks v. State*, 692 S.W.2d 504, 510 (Tex.Crim.App.1985).

■ In a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be given to their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). He may choose to believe any or all of the witnesses' testimony. *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim.App.1980). The findings of the trial court should not be disturbed absent an abuse of discretion. *Cantu v. State*, 817 S.W.2d 74, 77 (Tex.Crim. App.1991); *Meek v. State*, 790 S.W.2d 618, 620 (Tex.Crim.App.1990). When the record supports a finding that consent to search was freely and voluntarily given, the reviewing court will not disturb that finding. *Johnson*, 803 S.W.2d at 287.

Officer Baird testified that Byrd consented to the search. Byrd denied that he gave consent. As the sole and exclusive trier of fact, the court could believe Baird and disbelieve Byrd. *See Taylor*, 604 S.W.2d at 177. The record supports the finding that consent was freely and voluntarily given, and we are not at liberty to disturb it. *See*

*Johnson* 803 S.W.2d at 287. We overrule point two.

In his final point, Byrd asserts that the evidence was insufficient to find him guilty of possession of a controlled substance. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the crime. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 156–57 (Tex.Crim.App.1991). In a trial before the court, the trial judge is the sole judge of the credibility of the witnesses and may accept or reject all or any part of the testimony given by any state or defense witness. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App. [Panel Op.] 1978).

■ A defendant must exercise care, custody, control, and management over illicit drugs, knowing them to be drugs, before he is guilty of their possession. *Dickey v. State*, 693 S.W.2d 386, 389 (Tex.Crim. App.1984). If the defendant is not in sole possession of the place where drugs are found, the state must prove an affirmative link between the contraband and the defendant to establish his possession. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim. App. [Panel Op.] 1981). An affirmative link is established by facts and circumstances from which one may reasonably infer that the defendant knew the contraband existed and that he exercised care, custody, control, and management over it. *Dickey*, 693 S.W.2d at 389. These elements may be established by circumstantial evidence. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App.1985). Possession, however, need not be exclusive. *Id.*

■ Reviewed in the light most favorable to the verdict, the evidence shows that Byrd was the driver of the vehicle; he admitted that the "stuff" in the trunk of the vehicle was his; one bag contained a large amount of cash while the other, in close proximity, contained items commonly used to manufacture "rock" cocaine; the second bag contained eight milligrams of cocaine; a drug dog "alerted" on both bags; and half-inch by half-inch plastic bags—commonly used for rock cocaine— were found in the glove compartment. Thus, we conclude that the trial judge, as a rational trier of the facts, could have found the essential elements of the crime beyond a reasonable doubt. *See Geesa*, 820 S.W.2d at 156–57. We overrule point three.

We affirm the judgment.