Byrd v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-179-CR

     T. BYRD AKA T. EDMOND,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 23,405
                                                                                                    

O P I N I O N
                                                                                                    

      Timothy Wayne Edmond was convicted by the court of possession of cocaine, less than 28
grams, and sentenced to eight years in prison, probated. See Tex. Health & Safety Code Ann.
§ 481.115(b) (Vernon Pamphlet 1992). He appeals, asserting that the court erred in denying his
motion to quash the indictment and his motion to suppress. He also contends that there is
insufficient evidence to uphold his conviction. We will overrule the points and affirm the
judgment.
      Department of Public Safety Trooper Jim Baird clocked the vehicle Byrd was driving at
eighty-seven miles per hour and stopped him for speeding. Byrd could not produce any
identification or the vehicle registration and told the trooper that the vehicle belonged to his
girlfriend. Baird made a "pat-down" search and discovered $1400 cash in Byrd's pocket. Baird
searched the trunk and found a black bag containing $3040 in cash and a plastic bag with paper
plates, fingernail files, a strainer, and what appeared to be cocaine residue. Approximately eight
milligrams of cocaine were recovered from the plastic bag.
      In his first point, Byrd asserts that the court erred in overruling his motion to quash the
indictment. The indictment alleged that Byrd did "knowingly and intentionally possess a
controlled substance, to wit: cocaine in an amount by aggregate weight, including any adulterants
and dilutants, of less than 28 grams." Byrd argues that, to sustain a conviction, the State must
prove every element of the offense charged. "Element of the offense" is defined as forbidden
conduct, required culpability, any required result, and the negation of any exception to the offense. 
Tex. Penal Code Ann. § 1.07(a)(13) (Vernon 1974). A person does not commit an offense
unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct. 
Id. § 6.02(a). "Conduct" is defined as "an act or omission and its accompanying mental state." 
Id. § 1.07(a)(8). Byrd cites two cases for the proposition that "possession" is not an act or
omission. See Phelps v. State, 623 S.W.2d 936, 937 n.1 (Tex. Crim. App. 1981); Knab v. State,
626 S.W.2d 60, 61 (Tex. Crim. App. 1982). Byrd argues that, because "possession" is not an
"act or omission," it cannot be used as the basis of a criminal prosecution. Therefore, he says,
the indictment fails to allege a forbidden "conduct"—an essential element of the offense—and thus
fails to state an offense against the laws of the State of Texas.
      Byrd's argument, however, overlooks section 6.01(a) of the Penal Code, which states: "A
person commits an offense only if he voluntarily engages in conduct, including an act, an
omission, or possession." See Tex. Penal Code Ann. § 6.01(a) (Vernon Supp. 1992). 
Possession is not an act or omission, but it is conduct. Id. Thus, "possession" can form the basis
for an offense under the Penal Code. Id. The court did not err in overruling Byrd's motion to
quash. Point one is overruled.
      Byrd's second point asserts that the court erred in denying his Motion to Suppress. He
complains that there was no probable cause to detain him for suspicion of criminal activity and that
the arrest for the traffic violation was a pretext arrest. "A pretext arrest occurs when an individual
is validly stopped or arrested for one offense only because law enforcement officials desire to
investigate that individual for a different offense—i.e., an offense for which they do not have valid
legal grounds to stop or arrest." Garcia v State, 827 S.W.2d 937, 939-40 (Tex. Crim. App.
1992). Officer Baird testified that on May 19, 1989, he was on routine patrol on Interstate 45. 
Around 9 p.m., he observed a 1989 blue Chevrolet driving eighty-seven m.p.h. He stopped the
vehicle, which was occupied by Byrd and two female passengers. Byrd had no identification, no
vehicle registration, and was "extremely nervous." Byrd did not deny that he was speeding when
he was stopped.
      The Court of Criminal Appeals has recently adopted an "objective" analysis of pretext arrests: 
"As long as an actual violation occurs, law enforcement officials are free to enforce the laws and
detain a person for that violation, regardless of whatever the usual practices or standards of the
local law enforcement agency are and regardless of the officer's subjective reasons for the
detention." Id. at 944 (emphasis original). The appropriate limitation of an officer's discretion,
under the Fourth Amendment, is the existence of a law and the actual commission of an offense. 
Id. There is no indication in the record that Baird had any illicit motives in stopping Byrd for the
speeding violation. Byrd did not deny that he was speeding. The stop and detention of Byrd for
the traffic violation was reasonable under Fourth Amendment principles. See id. 
       Byrd also complains of the search of the vehicle. Baird testified that, after Byrd was unable
to produce any identification or vehicle registration, he "patted him down" for weapons. The
search revealed $1400 cash in Byrd's pocket. Baird testified, "Well, I asked if I could look in the
car, and he said, `Go ahead.' I asked him if he could open the trunk for me, if I could look in
here; and he went and got the key and opened the trunk." Baird did not inform Byrd that he had
the right to refuse consent. Byrd got the key and opened the trunk.
      In the trunk, Baird found a black pouch and a plastic bag. He asked Byrd, "Who does this
stuff belong to?" Byrd answered, "It's mine." The black bag contained $3040 cash. The plastic
bag contained paper plates, a strainer, two metal fingernail files, and white powder that Baird
suspected was cocaine residue. A "drug dog," which was called to the scene, "alerted" on both
the black and the plastic bags. A search of the glove box revealed empty "little bitty plastic bags,"
one-half-inch by one-half-inch, which Baird testified are commonly used to hold rock cocaine. 
A Department of Public Safety chemist testified that the plastic bag in the trunk contained
approximately eight milligrams of cocaine. He also testified that the paper plates, strainer, and
fingernail files are often used to process cocaine into its "rock" form. 
      Byrd testified that Baird did not ask for permission to search the car and that Baird took the
key from the ignition and opened the trunk. Byrd admitted that the black tote with the money was
his—that his boss had asked him to keep the cash for him. He denied telling Baird that the plastic
bag with the drug paraphernalia was his. Donnalaun Phillips, a passenger in the vehicle, testified
that after Baird asked Byrd to step out of the car, she did not hear any of their conversation. She
said that Byrd got back into the car to look in the glove compartment, but did not find what he was
looking for and got out of the car again. She did not see who opened the trunk.
      A person may waive his right to be free from a warrantless search by intelligently and
knowingly consenting to the search. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041,
2059, 36 L.Ed.2d 854 (1973). Whether consent is voluntarily or knowingly given is a question
of fact which must be determined by considering the totality of the circumstances. Id.; Juarez v.
State, 758 S.W.2d 772, 776 (Tex. Crim. App. 1988). The State must prove by clear and
convincing evidence that the consent was freely and voluntarily given. Johnson v. State, 803
S.W.2d 272, 286-87 (Tex. Crim. App. 1990). Although the police do not have to inform the
defendant that consent need not be given, failure to warn constitutes an important factor in
determining whether valid consent was given. Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim.
App. 1985).
       In a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the
credibility of the witnesses as well as the weight to be given to their testimony. Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990). He may choose to believe any or all of the
witnesses' testimony. Taylor v. State, 604 S.W.2d 175, 177 (Tex. Crim. App. 1980). The
findings of the trial court should not be disturbed absent an abuse of discretion. Cantu v. State,
817 S.W.2d 74, 77 (Tex. Crim. App. 1991); Meek v. State, 790 S.W.2d 618, 620 (Tex. Crim.
App. 1990). When the record supports a finding that consent to search was freely and voluntarily
given, the reviewing court will not disturb that finding. Johnson, 803 S.W.2d at 287.
      Officer Baird testified that Byrd consented to the search. Byrd denied that he gave consent. 
As the sole and exclusive trier of fact, the court could believe Baird and disbelieve Byrd. See
Taylor, 604 S.W.2d at 177. The record supports the finding that consent was freely and
voluntarily given, and we are not at liberty to disturb it. See Johnson 803 S.W.2d at 287. We
overrule point two.
      In his final point, Byrd asserts that the evidence was insufficient to find him guilty of
possession of a controlled substance. In reviewing a challenge to the sufficiency of the evidence,
we view the evidence in the light most favorable to the verdict to determine whether any rational
trier of fact could have found, beyond a reasonable doubt, the essential elements of the crime. 
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979);
Geesa v. State, 820 S.W.2d 154, 156-57 (Tex. Crim. App. 1991). In a trial before the court, the
trial judge is the sole judge of the credibility of the witnesses and may accept or reject all or any
part of the testimony given by any state or defense witness. Johnson v. State, 571 S.W.2d 170,
173 (Tex. Crim. App. [Panel Op.] 1978). 
      A defendant must exercise care, custody, control, and management over illicit drugs, knowing
them to be drugs, before he is guilty of their possession. Dickey v. State, 693 S.W.2d 386, 389
(Tex. Crim. App. 1984). If the defendant is not in sole possession of the place where drugs are
found, the state must prove an affirmative link between the contraband and the defendant to
establish his possession. Deshong v. State, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.]
1981). An affirmative link is established by facts and circumstances from which one may
reasonably infer that the defendant knew the contraband existed and that he exercised care,
custody, control, and management over it. Dickey, 693 S.W.2d at 389. These elements may be
established by circumstantial evidence. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim.
App. 1985). Possession, however, need not be exclusive. Id.    Reviewed in the light most
favorable to the verdict, the evidence shows that Bryd was the driver of the vehicle; he admitted
that the "stuff" in the trunk of the vehicle was his; one bag contained a large amount of cash while
the other, in close proximity, contained items commonly used to manufacture "rock" cocaine; the
second bag contained eight milligrams of cocaine; a drug dog "alerted"     on both bags; and half-inch by half-inch plastic bags—commonly used for rock cocaine—were found in the glove
compartment. Thus, we conclude that the trial judge, as a rational trier of the facts, could have
found the essential elements of the crime beyond a reasonable doubt. See Geesa, 820 S.W.2d at
156-57. We overrule point three.
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 22, 1992
Publish