# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

================

## NO. 03-03-00665-CR

================

**Ronald Sorrells, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. 9034166, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ronald Sorrells was convicted by a jury of possession of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a) (West 2003). The trial court sentenced him to thirty years' confinement in the Texas Department of Criminal Justice, Institutional Division. On appeal, Sorrells challenges the legal and factual sufficiency of the evidence and claims that he received ineffective assistance of counsel. We affirm.

## BACKGROUND

On May 18, 2003, Austin Police Officer Scott Glasgow was on patrol near the intersection of Webberville Road and Goodwin Avenue in Austin. At 11:02 p.m., Officer Glasgow noticed two men fighting. One man, later identified as Sorrells, was wearing a black T-shirt and blue jeans. The other, later identified as Quincey Alexander, was wearing a white shirt and black shorts. Officer Glasgow observed Sorrells on the ground with Alexander on top of him, hitting Sorrells

repeatedly in the head and chest. According to Officer Glasgow, the two men appeared to be struggling over some object that Sorrells had in his hand. Sorrells continued to hold onto this object while Alexander assaulted him. Finally, after much struggle, Alexander forcibly wrestled the object away from Sorrells.

At this moment, Officer Glasgow—who, upon witnessing the fight, had left his patrol car and run toward the men—discerned that the object was a white plastic baggie. He later testified that white plastic baggies are commonly used in narcotics transactions.

Alexander, now holding the baggie, noticed Officer Glasgow approaching, began walking toward him and dropped the baggie on the ground. Officer Glasgow grabbed Alexander to handcuff him. Before he could put the handcuffs on Alexander, he saw Sorrells pick up the baggie that Alexander had just dropped and start running.[1] Officer Glasgow chased Sorrells, caught him, and attempted to get him into custody. As he attempted to take the baggie from Sorrells, Sorrells dropped it on the ground. Sorrells pushed Officer Glasgow in his chest, causing him to stumble backwards. Alexander then reached for the baggie that Sorrells had dropped. Officer Glasgow turned to Alexander and told him to "[l]eave the dope," at which point Alexander fled into a nearby housing project, leaving the baggie on the ground. Officer Glasgow took possession of the baggie.

Officer Glasgow then heard Sorrells yelling and saw him trying to break in to a nearby gray pick-up truck owned and driven by Guadalupe Villareal, an off-duty security officer. Villareal was sitting in the truck. Villareal had also seen the fight between Sorrells and Alexander and had

---

[1] Officer Glasgow later testified that he recognized Sorrells from two previous encounters with him.

watched as Officer Glasgow attempted to arrest the two men.[2]  Villareal was unable to identify

Sorrells at trial, but he did testify that he saw the white baggie in each man's hands at least once.

Sorrells failed to break into Villareal's truck but instead fled toward the housing

project.  Officer Glasgow pursued him, caught him, and tackled him as Sorrells stumbled on the

steps leading up to the housing project.  As Glasgow struggled with Sorrells, Sorrells repeatedly told

him, "You know me.  You know me," referring to previous encounters with Officer Glasgow.[3]

Once in custody, Sorrells told Officer Glasgow that Alexander had tried to steal

twenty dollars from him.  Officer Glasgow returned to the scene of the fight between Sorrells and

Alexander and found a crumpled $20 bill and a piece of paper, both of which he collected as

evidence.  He also testified that Sorrells did not live in the area of this offense.  However, he

believed it was common for persons to frequent the area of Webberville Road and Goodwin Avenue

in order to purchase crack cocaine, which usually sold for twenty dollars a rock.  He added that the

area was also notorious for gang activity.

---

[2]  There is some dispute in the accounts of Officer Glasgow and Villareal regarding which individual, Sorrells or Alexander, had attempted to force his way into Villareal's truck.  Officer Glasgow testified that Sorrells, wearing a black shirt, had done so, while Villareal testified that it was Alexander.  Villareal also testified that while Officer Glasgow was earlier trying to detain Sorrells, Alexander had snuck up behind Officer Glasgow with a rock in his hand.  Villareal testified that he had shined a high-powered flashlight into Alexander's eyes to distract him and prevent him from hitting Officer Glasgow with the rock.

[3]  Officer Glasgow had stopped Sorrells a month earlier for the offense of pedestrian in the roadway, for which he issued Sorrells a citation.  Also, a few weeks before the encounter at issue in this case, Officer Glasgow came upon the scene as Sorrells was being examined by EMS after an Austin police officer had shot him with a Taser stun gun.  According to Officer Glasgow's testimony, the other officers indicated to him that Sorrells had been "causing a stink" and accusing them of harassing him.  Officer Glasgow further testified that, during both encounters, he had believed that Sorrells was under the influence of narcotics.

Sorrells was charged with the offense of possession of a controlled substance, namely cocaine, in an amount of more than one gram, but less than four grams.[4]  *See* Tex. Health & Safety Code Ann. § 481.115(a).  After a jury found him guilty, the trial court assessed his punishment, enhanced by two previous felony convictions, at thirty years' confinement in the Texas Department of Criminal Justice, Institutional Division.  This appeal followed.

## DISCUSSION

On appeal, Sorrells raises three issues.  In his first two issues, he challenges the legal and factual sufficiency of the evidence supporting the jury's finding that he knowingly possessed a controlled substance.  In his third issue, Sorrells asserts that he received ineffective assistance of counsel at trial because his trial counsel introduced evidence of Sorrells's previous contacts with Officer Glasgow and other police officers.

### *Sufficiency of the evidence*

In his first issue, Sorrells argues that the evidence is legally insufficient to support the finding that he "possessed" a controlled substance.  *See* Tex. Health & Safety Code Ann. § 481.002(38) (West Supp. 2004-05) (defining possession as "actual care, custody, control, or management").[5]  In reviewing a legal sufficiency of the evidence claim, we must view the evidence

---

[4] Gloria Rodriguez, a forensic drug chemist with the Austin Police Department, testified that she determined the total weight to be 2.63 grams and the substance to be cocaine base.

[5] Sorrells relies on the definition of possession found in the penal code.  *See* Tex. Pen. Code Ann. § 6.01(b) (West 2003).  We apply instead the definition found in the health and safety code because appellant was charged under that code.  *See* Tex. Health & Safety Code Ann. §§ 481.002, .115(a) (West 2003).

4

in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We do not resolve any conflict of fact or assign credibility to the witnesses, as it was the function of the trier of fact to do so. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Instead, our duty is only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in a light most favorable to the verdict. *Id.* at 422.

Under the health and safety code, "a person commits an offense if the person knowingly or intentionally possesses" cocaine. Tex. Health & Safety Code Ann. § 481.115(a). To prove unlawful possession of a controlled substance, the State must show that the accused: (1) exercised actual care, custody, control, or management over the contraband; and (2) knew that the substance he possessed was contraband. *See King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); *Hall v. State*, 86 S.W.3d 235, 240 (Tex. App.—Austin 2002, pet. ref'd); *see also* Tex. Health & Safety Code Ann. § 481.002(38). "Possession" means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed. *Castellano v. State*, 810 S.W.2d 800, 805 (Tex. App.—Austin 1991, no pet.).

The crux of Sorrells's legal sufficiency complaint is that the evidence does not satisfy the statutory requirement of possession because his control of the baggie was only fleeting.[6] Both

---

[6] Sorrells argues that when contraband is not in the exclusive possession of the accused, additional facts and circumstances must link him to the contraband. However, we find the "affirmative-links rule" to be inapplicable to our analysis. The "affirmative-links rule" applies to situations where the accused is not in sole possession of the *premises* or *vehicle* where drugs are found. *See, e.g., Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.—Texarkana 1998, pet. ref'd) (mere

5

Officer Glasgow and Villareal testified that Sorrells had the white plastic baggie in his hands at least one time. Although Villareal was unable to identify Sorrells at trial, Villareal testified that each man he had seen fighting—Sorrells and Alexander—had held the baggie at least once. According to Officer Glasgow's testimony, Sorrells only relinquished control of the baggie when Alexander forcibly removed it from Sorrells's hands. Officer Glasgow further testified that Sorrells had the baggie in his possession again when he picked it up from the ground where Alexander had dropped it. We find the evidence legally sufficient to determine that Sorrells exercised control over the cocaine.

Next, we decide if the evidence is legally sufficient to determine that Sorrells knew that the substance he possessed was cocaine. In determining whether an accused knowingly possessed a controlled substance, knowledge can be inferred from the conduct of and remarks by the accused and from circumstances surrounding the acts engaged in by the accused. *Menchaca v. State*, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref'd); s*ee also Gutierrez v. State*, 628 S.W.2d

---

possession of vehicle in which contraband is found, without additional facts and circumstances linking accused to contraband, will not support conviction for possession); *Levario v. State*, 964 S.W.2d 290, 294 (Tex. App.—El Paso 1997, no pet.) (when contraband is not found on accused's person or it is not in exclusive possession of accused, additional facts and circumstances must link accused to contraband); *Nolen v. State*, 872 S.W.2d 807, 810-11 (Tex. App.—Fort Worth 1994, pet. ref'd) (to show possession of contraband when accused is not in exclusive control or possession of premises where contraband is seized, state must present additional independent facts that affirmatively link accused to contraband); *Martinets v. State*, 884 S.W.2d 185, 188 (Tex. App.—Austin 1994, no pet.) (affirmative links established defendant's knowledge of marihuana and his control over it where defendant was driver of automobile in which marihuana found, defendant routinely drove that automobile, marihuana and rolling papers found in closed ashtray were conveniently accessible to defendant, and there was odor of marihuana in automobile); *Byrd v. State*, 835 S.W.2d 223, 227 (Tex. App.—Waco 1992, no pet.) (if accused is not in sole possession of place where drugs are found, state must prove affirmative link between contraband and accused to establish possession). Here, the contraband was found on Sorrells's person.

6

57, 60 (Tex. Crim. App. 1980), *overruled on other grounds by Chambers v. State*, 711 S.W.2d 240, 247 (Tex. Crim. App. 1986) (jury could reasonably infer from independent facts and circumstances that accused knew of drug's existence).  Here, the State presented sufficient evidence from which the jury could reasonably infer that Sorrells knew that the baggie contained cocaine.  The evidence showed that Sorrells and Alexander fought over a piece of a plastic bag that, but for its contents, would not have explained Sorrells's determination to hold onto it.  Sorrells did not relinquish control of the baggie until Alexander wrestled it from him.  Minutes later, as Officer Glasgow was attempting to handcuff Alexander, Sorrells picked up the baggie from the ground where Alexander had dropped it and ran.  Officer Glasgow testified that this type of baggie was commonly used in narcotics transactions.  Officer Glasgow further testified that Sorrells did not live near the Webberville Road and Goodwin Avenue intersection but that it was common for persons to frequent the area for drug transactions.  Officer Glasgow's testimony that crack rocks commonly sell for twenty dollars and the fact that Glasgow found a $20 bill at the scene of the fight further support a finding of Sorrells's knowledge that the baggie contained cocaine.  We conclude that a rational jury could conclude beyond a reasonable doubt that Sorrells knew the substance was cocaine.

We have found the evidence legally sufficient to show that Sorrells possessed the cocaine and that he knew it was cocaine.  *See King*, 895 S.W.2d at 703; *Hall*, 86 S.W.3d at 240.  We overrule Sorrells's first issue.

In his second issue, Sorrells argues that the evidence is factually insufficient to support the finding that he knew that he possessed a controlled substance.  A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt,

7

demonstrates that the proof of guilt is so weak or the proof so strong as to preclude a finding of guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). The trier of fact has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001). We are not free to reweigh the evidence and set aside a jury verdict merely because we feel that a different result is more reasonable. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). Consequently, we may find the evidence factually insufficient only where necessary to prevent a manifest injustice from occurring. *See Johnson v. State*, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000).

Sorrells claims that the evidence concerning his knowledge is factually insufficient because it depended entirely on Officer Glasgow's testimony. However, as we have noted above, knowledge can be inferred from the conduct of and remarks by the accused and from circumstances surrounding the acts engaged in by the accused. *See Menchaca*, 901 S.W.2d at 652; *see also Gutierrez*, 628 S.W.2d at 60. In light of our review of the legal sufficiency of the evidence concerning whether Sorrells knew the baggie contained cocaine and the factual-sufficiency standard of review, and giving due deference to the jury, we conclude that the evidence supporting the verdict is not so weak as to render the verdict clearly wrong and manifestly unjust. *See Zuniga*, 144 S.W.3d at 484-85. We overrule Sorrells's second issue.

*Effective assistance of counsel*

In his third issue, Sorrells complains that he was denied his constitutional right to effective assistance of counsel because defense counsel introduced prejudicial evidence of Sorrells's prior encounters with Austin police officers. Specifically, Sorrells complains that his counsel's cross-examination of Officer Glasgow regarding these encounters opened the door for Officer Glasgow to testify that he believed Sorrells was on drugs during these prior encounters.

To prevail on this claim, Sorrells must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced Sorrells's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The adequacy of defense counsel's assistance is based upon the totality of the representation rather than upon isolated acts or omissions of trial counsel. *Garcia v. State*, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994). Here, the burden is on Sorrells to prove by a preponderance of the evidence: (1) that counsel's representation fell below the standard of prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *McFarland v. State*, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992); *Hernandez*, 726 S.W.2d at 56-57. In reviewing a claim of ineffective assistance, we apply a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment and that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Decisions regarding trial strategy may constitute ineffective assistance only if the record demonstrates that the conduct by counsel is without any plausible basis. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *McFarland*, 845 S.W.2d at 842. An appellate court must avoid the distortions of hindsight and must evaluate counsel's conduct from his perspective at the time of trial. *Strickland*, 466 U.S. at 689; *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). A conscious and informed decision on trial strategy cannot be the basis for a constitutional ineffective assistance claim unless it is so poorly chosen that it permeates the trial with obvious unfairness. *See Kunkle*, 852 S.W.2d at 505. Ineffective assistance claims regarding issues of trial strategy are particularly difficult to sustain on direct appeal when defense counsel was otherwise competent and aggressive. *See id.*

The trial record here does not reveal ineffectiveness of counsel to a degree sufficient to sustain such a claim. Trial counsel's decision to present evidence of Officer Glasgow's prior encounters with Sorrells could have been a matter of reasoned trial strategy. Counsel sought to introduce evidence of these encounters to demonstrate that Officer Glasgow was biased against Sorrells. The evidence showed that, during these encounters, Sorrells accused Officer Glasgow and other officers of stopping him for racially-motivated reasons and that Sorrells had been hostile to the officers. Counsel used this evidence to argue to the jury that these prior incidents played a part in Officer Glasgow's decision to arrest Sorrells in this case because Sorrells had previously challenged his authority.

The record supports the conclusion that Sorrells's trial counsel's decision to offer the evidence of Sorrells's prior encounters with police was possibly a matter of trial strategy and the

10

basis of the defense's theory at guilt/innocence phase of the trial.  Moreover, there is nothing in the record to overcome the strong presumption that counsel's actions fell within the broad range of reasonable professional assistance.  We overrule Sorrells's third issue.

## CONCLUSION

We have overruled Sorrells's issues on appeal.  We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed:   March 24, 2005

Do Not Publish